**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| METUCHEN PHARMACEUTICALS LLC, *et al.*, | Civil Action No.: 18-11406 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| EMPOWER PHARMACEUTICALS LLC, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants' motion to dismiss the Amended Complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) and to strike claims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (ECF No. 14). Plaintiffs have submitted an opposition to Defendants' motion, (ECF No. 16), to which Defendants have replied, (ECF No. 17). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court transfers this action to the United States District Court for the Southern District of Texas.

## I. BACKGROUND[1]

Plaintiff Mitsubishi Tanabe Pharma Corporation ("Mitsubishi Tanabe") is a Japanese pharmaceutical company and the assignee of record of United States Letters Patent No. 6656935

---

[1] This background is derived from the allegations in Plaintiffs' Amended Complaint, (ECF No. 11 at 1–20 ("Am. Compl.")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

("the '935 Patent"). (Am. Compl. ¶ 2). Plaintiff Metuchen Pharmaceuticals LLC ("Metuchen") is a Delaware limited liability company located in Freehold, New Jersey, and the exclusive licensee of the '935 Patent. (Am. Compl. ¶ 3). Defendant Empower Clinic Services LLC and Defendant Empower Pharmaceuticals LLC (collectively, "Empower Defendants") are limited liability companies organized under the laws of Texas with their principal place of business in Houston, Texas. (Am. Compl. ¶¶ 4–5). Defendant Arta "Shaun" Noorian is the sole owner of Empower Defendants and lives in Houston, Texas. (Am. Compl. ¶ 6; ECF No. 7-2 ¶ 3).

Plaintiffs own the '935 Patent, which covers the prescription pharmaceutical, avanafil. (Am. Compl. ¶¶ 1, 16–19). Plaintiffs developed and now sell a patented avanafil product called STENDRA®. (Am. Compl. ¶ 1). Plaintiffs allege that Empower Defendants, with knowledge of Plaintiffs' patent, "purchase[] bulk avanafil active pharmaceutical ingredient from abroad[,] . . . covertly import[] it into [t]he United States," and market and sell "knock-off" avanafil products using copy from Plaintiffs' copyrighted and trademarked STENDRA® packaging. (Am. Compl. ¶¶ 22–26, 32–35). Plaintiffs further claim that Defendants' avanafil products are "defective," which harms consumers and damages Plaintiffs' reputation, since Defendants "falsely represent[] that [their] products are equivalent to STENDRA® avanafil." (Am. Compl. ¶ 35–39).

On June 1, 2018, Plaintiff Metuchen "provided Defendants a copy of the '935 patent and asked that Defendants cease and desist from infringing," to which Defendants did not respond. (Am. Compl ¶ 29). On July 6, 2018, Plaintiff Metuchen filed this lawsuit against all Defendants alleging one count of patent infringement. (ECF No. 1). Defendants moved to dismiss Plaintiffs' original complaint for improper venue, failure to state a claim, and lack of personal jurisdiction. (ECF No. 7). Plaintiffs filed an Amended Complaint on September 7, 2018, adding Plaintiff Mitsubishi Tanabe, restating their claim for patent infringement (Count I), and including seven

2

additional claims for: copyright infringement, trademark infringement, false designation of origin and false advertising under the Lanham Act, unfair competition and false advertising under the New Jersey Fair Trade Act, and violations of New Jersey pharmacy regulations (Counts II–VIII). (Am. Compl. ¶¶ 42–61). Defendants now move to dismiss the Amended Complaint for improper venue, failure to state a claim for patent infringement, and lack of personal jurisdiction over Defendant Noorian. (ECF No. 14).

## II. LEGAL STANDARD

A party may move to dismiss a claim for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Claims for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017) (quoting 28 U.S.C. § 1400(b)). The law of the Federal Circuit, rather than that of the Third Circuit, governs the Court's patent venue analysis under § 1400(b). *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[A]s a matter of Federal Circuit law . . . , upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

"[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Plaintiffs do not argue that any Defendant "resides" in New Jersey, acknowledging that Empower Defendants are organized under the laws of Texas and that Defendant Noonian lives in Texas. (*See* Am. Compl. ¶¶ 4–6; ECF No. 16 at 5–6). Accordingly, Plaintiffs must show *both* that Defendants committed acts of infringement in New Jersey, *and* that Defendants have a regular and established place of business in New Jersey.

*See Telebrands Corp. v. Ill. Indus. Tool, Inc.*, No. 17-3411, 2017 WL 4157533, at *1 (D.N.J. Sept. 18, 2017) ("If the Second Clause [of § 1400(b)] is being relied upon, then an action is not in the proper venue unless both of its elements are satisfied.").

### III. ANALYSIS

#### A. Acts of Infringement

Plaintiffs allege that Defendants commit acts of infringement in New Jersey because they "market [avanafil] to patients in New Jersey," (Compl. ¶ 1), and "sell infringing products into" New Jersey, (ECF No. 16 at 6). Plaintiffs cite as support for their allegations a page from Defendants' website indicating that they are "licensed to ship to all 50 states," including New Jersey, as well as Defendants' online catalog, showing an Avanafil ODT tablet for sale. (ECF No. 16 at 6 (citing ECF No. 11 at 114, 145)). Defendants do not contest Plaintiffs' allegations that Defendants commit acts of infringement in New Jersey. (*See* ECF No. 14-1 at 18–22; ECF No. 17 at 5–8). Plaintiffs have therefore sufficiently alleged that Defendants have committed acts of infringement in New Jersey for purposes of § 1400(b).

#### B. Regular and Established Place of Business

The Federal Circuit has explained that a showing of a regular and established place of business requires a three-part analysis: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. In other words, there must be "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. The business must be "regular" in that "it operates in a steady, uniform, orderly, and methodical manner," and

mere "sporadic activity" does not suffice. *Id.* (internal quotation marks and citations omitted). Finally, the place of business "must be a place *of the defendant*," meaning "the defendant must establish or ratify the place of business." *Id.* at 1363. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re ZTE*, 890 F.3d at 1015 (quoting *In re Cray*, 871 F.3d at 1360).

Defendants argue that Empower Defendants are limited liability companies formed under the laws of Texas, that Defendant Noorian is a resident of Texas, that all Defendants are based in Houston, Texas, and that no Defendant maintains a regular and established place of business in New Jersey. (ECF No. 14-1 at 11). Plaintiffs do not dispute these facts or endeavor to show that Defendants maintain an office in New Jersey or conduct business operations from any employee's home in this District. Instead, Plaintiffs seek to connect Defendants to this District in several ways all relating to Defendant Empower Clinic Services LLC's out-of-state pharmacy license.

First, Plaintiffs allege that "Defendants are a New Jersey pharmacy," citing the registration of Defendant Empower Clinic Services LLC with the New Jersey Board of Pharmacy ("the Board"). (ECF No. 16 at 6). However, the license documentation cited by Plaintiffs contradicts that assertion, showing Defendant Empower Clinic Services LLC registered with the Board as an "*Out of State* Pharmacy," with an address in Houston, Texas. (ECF No. 11 at 106) (emphasis added). Such a registration does not suggest that Defendants are "a New Jersey pharmacy" in the sense that they maintain a place of business in New Jersey.

Second, Plaintiffs argue that, by virtue of Defendant Empower Clinic Services LLC's license to practice pharmacy in New Jersey, Defendants have authorized the Board, located in Newark, New Jersey, to act as their regular and established place of business in the state. (ECF No. 16 at 8). Therefore, Plaintiffs offer the Board's Newark address as Defendants' "physical

place in this District." (ECF No. 16 at 11). Plaintiffs' argument is that the Board's operations—such as "[r]eceiving customer complaints, storing records, facilitating communications with pharmacists and [Defendants'] owner, and enabling inspection"—constitute "some of the functions of a regular and established place of business." (ECF No. 16 at 7).

The Court declines to endorse such a broad and novel understanding of what constitutes a "regular and established place of business" under § 1400(b). *See In re ZTE*, 890 F.3d at 1014 (noting that the patent venue standard "is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction") (quoting *In re Cray*, 871 F.3d at 1361). Plaintiffs' assertion that Defendants have somehow adopted the physical address of the Board by being licensed as an out-of-state pharmacy by the State of New Jersey is inconsistent with the Federal Circuit's interpretation of § 1400(b) in *In re Cray* and *In re ZTE*. As Defendants point out, while they may be "regulated by the Board, and such regulation requires interaction with the Board . . . , that does not make the Board's address a regular and established place of business of Defendants." (ECF No. 17 at 6). The New Jersey address offered by Plaintiffs is not used by Defendants or their employees for business matters—it is the location of a state government office. Plaintiffs do not argue that Defendants "own[] or lease[]" that address or exercise any "attributes of possession or control" over it. *In re ZTE*, 890 F.3d at 1015. Defendants' status as one of the many regulated entities of a New Jersey licensing agency is far from analogous to the kind of local business presence that has been found to constitute a regular and established place of business. *See In re Cray*, 871 F.3d at 1362 (noting that a defendant may have a regular and established place of business where it "engage[s] a secretarial service physically located in the district" or stores inventory in local "distribution centers") (citing *In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985)). Plaintiffs have therefore failed to

demonstrate that the Board's office is "a place *of the [D]efendant[s]*," which could make New Jersey a proper venue for patent infringement claims against them. *In re Cray*, 871 F.3d at 1363. A decision to the contrary would permit patent plaintiffs to cite the Board's address as a regular and established place of business in the New Jersey for any out-of-state pharmacy licensee.

Plaintiffs rely on *Zoetis LLC v. Roadrunner Pharmacy, Inc.*, No. 15-3193, 2016 WL 755622 (D.N.J. Feb. 25, 2016) for support that venue is proper in this District. *Zoetis*, however, does not address the issues currently before this Court. As an initial matter, *Zoetis* considered a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), not for improper venue pursuant to 12(b)(3), as the defendant in that case did not challenge venue. *Zoetis*, 2016 WL 755622, at *1. Accordingly, the Court did not conduct a § 1400(b) analysis. Simply put, *Zoetis* does not stand for, directly or indirectly, the proposition that "when an out-of-state pharmacy registers as a New Jersey pharmacy, it authorizes [t]he New Jersey State Board of Pharmacy in Newark to act as the pharmacy's place of business in this District." (ECF No. 16 at 8).

Third, Plaintiffs argue that Defendants have consented to venue in New Jersey pursuant to state regulations requiring Defendant Empower Clinic Services LLC, as a licensed out-of-state pharmacy, to attend certain regulatory proceedings in New Jersey. (ECF No. 16 at 6); *see also* N.J.A.C. § 13:39–4.20(l) (upon receiving complaints regarding alleged violations on the part of a licensee, "the Board may institute disciplinary proceedings in New Jersey pursuant to N.J.S.A. 45:1–21 *et seq.* to resolve the complaint or alleged violation"). The Court disagrees. A licensee's consent, as a condition of its license, to a potential appearance in disciplinary proceedings before a state administrative board, does not equate to its consent to venue under § 1400(b) for purposes of a federal patent claim in federal district court.

Finally, the Court rejects Plaintiffs' additional argument that this District is a proper venue

for their patent claim because "Defendants receive prescriptions in New Jersey, sell pharmaceuticals in New Jersey and collect payments from New Jersey insurance plans and from the State of New Jersey." (ECF No. 16 at 6). Such contacts with New Jersey do not satisfy the regular and established place of business standard, which "requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision, 28 U.S.C. § 1391(c)." *In re Cray*, 871 F.3d at 1361. To the extent Plaintiffs argue that *TC Heartland* endorses the view that venue is proper in a district so long as a defendant—with no physical presence in the district other than shipment of products into that district—is registered in the district as an out-of-state pharmacy, the Court disagrees. (ECF No. 16 at 9–10). The Supreme Court's mere acknowledgement of the fact that the petitioner in that case was "not registered to conduct business" in the district does not suggest that such a registration would have been sufficient to make venue proper. *TC Heartland*, 137 S. Ct. at 1517.

Because no Defendant maintains a regular and established place of business in New Jersey, this District is not a proper venue for Plaintiffs' patent claim under § 1400(b).

## C. Venue for Non-Patent Claims

Nevertheless, Plaintiffs argue that the Court should not dismiss their Amended Complaint because this District is an appropriate venue for their non-patent claims. (ECF No. 16 at 5). Plaintiffs do not appear to argue that this Court should invoke the doctrine of "pendent venue" to adjudicate their patent claim, notwithstanding the impropriety of venue for that claim, because of the presence of other claims for which venue is arguably proper. (*See* ECF No. 16 at 5 (arguing that "the court should allow *Counts II through VIII* to proceed because Defendants do not dispute that this District is a proper venue to resolve them"—*not* arguing that the Court should allow

8

Plaintiffs' *patent claim* to proceed along with them) (emphasis added)). To the extent Plaintiffs do argue for pendent venue, the Court disagrees. Other courts have declined to invoke the pendent venue doctrine where a plaintiff brought both patent and non-patent claims and where § 1400(b) was not satisfied. *See Nat'l Prods., Inc. v. Arkon Res., Inc.*, No. 15-1984, 2018 WL 1457254, at *7 (W.D. Wash. Mar. 23, 2018) (noting that in *TC Heartland*, the Supreme Court "reaffirm[ed] that 28 U.S.C. § 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c)'") (quoting *TC Heartland*, 137 S. Ct. at 1519); *Zin-Plas Corp. v. Plumbing Quality AGF. Co.*, 622 F. Supp. 415, 422 (W.D. Mich. 1985) (declining to exercise pendent venue over patent claim based on the theory that venue was appropriate for Lanham Act claim); *Hoffacker v. Bike House*, 540 F. Supp 148, 149 (N.D. Cal. 1981) (parties "cannot circumvent the special venue statute merely by joining a related federal claim to their claim of patent infringement"); *see also Zumba Fitness, LLC v. Brage*, No. 11-5361, 2011 WL 4732812, at *2 (C.D. Cal. Oct. 6, 2011) (rejecting plaintiff's pendent venue claim where copyright venue statute was not satisfied, noting that "when 'a party advocates the exercise of pendent venue over a[] . . . federal claim which is subject to its own specific venue provisions, courts have . . . found that the more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute'") (quoting *Garrel v. NYLCare Health Plans, Inc.*, No. 98-9077, 1999 WL 459925, at *5 (S.D.N.Y. June 29, 1999)).

Assuming this District is a proper venue for Plaintiffs' non-patent claims, which Defendants do not dispute, the Court may nevertheless transfer those claims "to any other district or division where [they] might have been brought" if such a transfer would further "the convenience of parties and witnesses" and would be "in the interest of justice." 28 U.S.C. § 1404(a); *see also Plastic Surgery Ctr. v. Blue Cross Blue Shield of Mich.*, No. 13-2536, 2013

WL 5773120, at *2 (D.N.J. Oct. 23, 2013) (transferring venue on a Rule 12(b)(3) motion to dismiss and noting that the Third Circuit has held it "proper for [a] district court to invoke § 1404(a) to transfer venue *sua sponte*, notwithstanding that motion sought outright dismissal of the action, where it was possible to determine an alternative appropriate venue") (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 n.3 (3d Cir. 1995)); *Grier v. Univ. of Pa. Health Sys.*, No. 07-2475, 2007 WL 2900394, at *4 (D.N.J. Oct. 1, 2007) (same). This entire action could have been brought in the Southern District of Texas consistent with § 1400(b) and *TC Heartland*, as well as with 28 U.S.C. § 1400(a) (the copyright venue statute) and with 28 U.S.C. § 1391(b) (the general venue statute)—which all provide that venue is proper where a defendant "resides"—since all Defendants are residents of Texas and are based in Houston. (Compl. ¶ 4–5; ECF No. 14-1 at 11).

When determining whether to transfer this matter to the Southern District of Texas, this Court must consider a number of private and public factors, including:

> [the] plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)[;] . . . the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*McNulty v. JH Miles and Co.*, 913 F. Supp. 2d 112, 115 (D.N.J. 2012) (quoting *Jumara*, 55 F.3d at 879–80); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (noting that venue transfer "in patent cases, like in other civil cases, is governed by [Section] 1404(a)" and the geographical circuit's 1404(a) factors). The Court acknowledges that Plaintiffs have

manifested a clear preference for this District, and that it would be a convenient forum for Plaintiff Metuchen, which is based in New Jersey (although it is less clear that maintaining this litigation in New Jersey would be especially convenient for Plaintiff Mitsubishi Tanabe, a foreign corporation). The Court likewise finds that its familiarity with New Jersey law weighs in favor of adjudicating Plaintiffs' state law claims in this District rather than in Texas.

However, Defendants, as well as relevant evidence, are located in Texas. Moreover, Plaintiffs' non-patent claims arise from the same underlying set of facts as Plaintiffs' patent claim: Defendants' alleged marketing and sale of avanafil products. Accordingly, dismissing or transferring Plaintiffs' patent claim (which may not properly proceed here) and allowing Plaintiffs' non-patent claims to proceed in this District would result in two nearly identical trials in different courts, which would greatly inconvenience the parties and the witnesses, as well as unnecessarily burden the courts with duplicative litigation. *See Zin-Plas Corp.*, 622 F. Supp. at 423 (transferring non-patent claims to only venue that was proper under § 1400(b) "for the convenience of the parties and witnesses"); *Lighting Sys., Inc. v. Int'l Merchandising Associates, Inc.*, 464 F. Supp. 601, 606 (W.D. Pa. 1979) (transferring non-patent claims to venue that was proper for patent claim pursuant to § 1400(b) because "[i]t would seem absurd for this court to sever the patent infringement claim and transfer it to [a proper venue] while retaining the [non-patent] counts"); *Bradford Novelty Co. v. Manheim*, 156 F. Supp. 489, 492 (S.D.N.Y. 1957) (noting that the "gravamen of the present complaint is patent infringement," and that plaintiff's non-patent claim was "so inseparably interwoven with the claim of patent infringement that the evidence necessary to sustain both charges must in a large degree be identical and it would be most inexpedient to separate both causes of action and thus subject the litigants and the courts to two trials when one can easily dispose of all the matters in controversy").

Weighing all of the factors, the Court concludes that transferring the entire matter to the Southern District of Texas would be in the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, the Court transfers this action to the United States District Court for the Southern District of Texas. Accordingly, the Court declines to address the other grounds for Defendants' motion to dismiss. An appropriate Order accompanies this Opinion.

DATED: November 1st, 2018

HON. JOSE L. LINARES
Chief Judge, United States District Court